IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| COREY D. MARABLE, <br><br> Plaintiff, <br><br> v. <br><br> OAKS INTEGRATED CARE, INC., <br><br> Defendant. | Civ. No. 22-6168 (RMB/EAP) <br><br> *Consolidated with 23-2681 (RMB/EAP)* <br><br><br> **MEMORANDUM OPINION AND ORDER** |

**BUMB, Chief District Judge**

This matter comes before the Court upon the "Response to Order to Show Cause" filed on July 28, 2023, by Plaintiff Corey D. Marable ("Plaintiff"), who is appearing *pro se*. [Docket No. 20.] On July 25, 2023, this Court entered an Order dismissing this action, with prejudice, under Fed. R. Civ. P. 41(b) after Plaintiff failed to respond to the Court's Order to Show Cause, dated June 26, 2023 [Docket No. 19].

Pleadings filed by *pro se* litigants are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But at the same time, "courts are unwilling to allow *pro se* litigants to disregard court orders and perpetually delay trial proceedings." *Huertas v. U.S. Dep't of Educ.*, 2010 WL 2771767, Civ. No. 08-3050 (RBK/KMW), at *5 (D.N.J. July 12, 2010), *aff'd*, 408 F. App'x 639 (3d Cir. 2010). In previously dismissing this action with prejudice,

this Court noted that a district court typically must balance the factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), prior to entering an order of dismissal pursuant to Rule 41(b); however, the Court found that it was unnecessary to do so since Plaintiff's failure to respond to the Court's Order to Show Cause had made it impossible for the litigation to proceed. [Docket No. 19, at 2 (citations omitted).]

Having carefully reviewed Plaintiff's most recent submission, the Court now considers the six *Poulis* factors in consideration of whether dismissal of Plaintiff's claims, with prejudice, is warranted:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.*

The Court finds that the first *Poulis* factor weighs in favor of dismissal. The Third Circuit has explained that a *pro se* litigant's delay or failure to abide by court orders are "directly attributable" to such litigant. *See Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009). Here, Plaintiff is directly responsible for the failure to timely respond to the Court's Order to Show Cause.

This litigation has not advanced past the pleadings phase, and the Court finds that Plaintiff's failure to clarify his claims in response to the Court's Order to Show Cause primarily prejudiced his own case and not his adversary, resulting in the

2

dismissal of his claims. Therefore, the Court finds that the second *Poulis* factor weighs against dismissal. However, continued delay or failure to meet Court deadlines by Plaintiff, including failure to comply with discovery requests and/or deadlines if the litigation proceeds, would be unduly prejudicial to Defendant Oaks Integrated Care, Inc. ("Defendant") and will result in the dismissal of Plaintiff's claims with prejudice—after all, evidence of prejudice to a party's adversary weighs substantially in favor of dismissal. *See Huertas*, 2010 WL 2771767, at *6.

The Court finds that the third and fourth factors also weigh against dismissal, as there is no evidence of a history of dilatoriness by Plaintiff or that Plaintiff's conduct was willful or in bad faith, respectively. The Court finds that the fifth factor, however, weighs in favor of dismissal since Plaintiff is proceeding *pro se*, as well as *in forma pauperis*, making monetary sanctions inappropriate as an alternative to dismissal. *Id.* at *8.

Finally, the Court finds that the sixth *Poulis* factor weighs strongly against dismissal, and that on balance, the factors do not favor dismissal. The Court's Order to Show instructed Plaintiff "to show cause by providing a succinct statement of his claims and the grounds upon which each claim rests," noting that neither of his previously filed pleadings specified which specific causes of action were brought by Plaintiff against Defendant. [Docket No. 16, at 5–6.] Having carefully reviewed Plaintiffs' recent submission, it appears that Plaintiff has alleged the following three (3) causes of action in the present litigation against his former employer: (1) racial discrimination under Title VII of the Civil Rights Act of 1964, (2) violations of N.J.

3

Stat. 2A:38A-3 for accessing, altering, damaging, taking or destroying Plaintiff's data/computer information; and (3) failure to pay overtime wages owed to Plaintiff under federal and state law based "on [Plaintiff's] hired salary." [Docket No. 20-1.]

Defendant previously argued that any Title VII claim must be dismissed because Plaintiff's Complaint was filed "one day past the 90-day period" from when Plaintiff received the determination and notice of rights letter from the Equal Employment Opportunity Commission ("EEOC") regarding his EEOC charge. However, there is no discussion in Defendant's prior motion regarding the applicability of equitable tolling since Plaintiff is representing himself *pro se*. Defendant also previously argued that Plaintiffs Complaint "fails to allege sufficient facts to infer that he suffered any adverse employment action" in support of his Title VII claim. [Docket No. 11-1, at 8.] However, Plaintiff's recent response clearly identifies examples of adverse employment action suffered by Plaintiff, including being denied overtime compensation owed to him, having his employment furloughed, and losing medical insurance coverage during a period of open enrollment. [Docket No. 20-1, at 1.] Although Plaintiff has described his overtime claim together with his Title VII claim, the Court will construe it liberally in favor of Plaintiff, who is appearing *pro se*, as a separate claim. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, in light of Plaintiff's submission, the Court will also allow Defendant another opportunity to respond to the claims now asserted in this suit with an amended motion to dismiss, if it so chooses.

Accordingly,

**IT IS** on this **31st** day of **August, 2023**,

**ORDERED** that the Court's Order dated July 25, 2023 [Docket No. 19], dismissing this action, with prejudice, is **WITHDRAWN** and the Court's Order to Show Cause is **DISCHARGED**; and it is further

**ORDERED** that the Clerk of Court shall restore this matter to active status on the docket; and it is further

**ORDERED** that by no later than 21 days from the date hereof, Defendant shall file an amended motion to dismiss on the docket that responds to the causes of action now asserted in this suit or file a letter otherwise informing the Court that it intends to rely on the arguments made in its prior submission [Docket No. 11]; and it is finally

**ORDERED** that the Clerk of Court shall mail a copy of this Memorandum Opinion and Order to Plaintiff's address as it appears on the docket via regular U.S. mail.

s/Renée Marie Bumb<br>
Renée Marie Bumb<br>
Chief District Judge