UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| COREY D. MARABLE, | CIVIL ACTION NOS: |
| Plaintiff, | 1:22-cv-06168-RMB-EAP (LEAD) |
| | 1:23-cv-02681-RMB-EAP (CONSOL.) |
| v. | |
| OAKS INTEGRATED CARE, INC., | Date:  November 22, 2023 |
| Defendant. | Motion Return Date:  October 16, 2023 |

**REPLY BRIEF OF DEFENDANT OAKS INTEGRATED CARE, INC., IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

CAPEHART & SCATCHARD, P.A.
Attorneys for Defendant,
Oaks Integrated Care, Inc.
8000 Midlantic Drive, Suite 300S
PO Box 5016
Mount Laurel, N.J.  08054-5016
(856) 234-6800

Sanmathi Dev, Esq.
   Of Counsel

Geoffrey N. Stark, Esq.
   On the Brief

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ..........................................................................................1

PROCEDURAL HISTORY AND STATEMENT OF THE FACTS ...........................................1

LEGAL ARGUMENT..........................................................................................................1

      POINT I

      PLAINTIFF'S OPPOSITION TO THE AMENDED MOTION TO
      DIMSISS SHOULD BE REJECTED AS UNTIMELY ......................................................3

      POINT II

      THE COMPLAINT DOES NOT SET FORTH A PRIMA FACIE CASE
      FOR RACE DISCRIMINATION UNDER TITLE VII ......................................................4

      POINT III

      PLAINTIFF'S CLAIM UNDER TITLE VII MUST BE DISMISSED
      BECAUSE IT WAS FILED MORE THAN 90 DAYS AFTER SERVICE
      OF THE EEOC'S RIGHT-TO-SUE LETTER .................................................................7

      POINT IV

      PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED FOR
      LACK OF SUPPLEMENTAL JURISDICTION ................................................................8

      POINT V

      PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO
      STATE A CLAIM UNDER N.J.S.A. 2A:38A-3 ................................................................9

      POINT VI

      THE CLAIM FOR UNPAID OVERTIME WAGES MUST BE
      DISMISSED BECAUSE PLAINTIFF'S COMPLAINTS DO NOT
      ESTABLISH A *PRIMA FACIE* CAUSE OF ACTION UNDER THE FAIR
      LABOR STANDARDS ACT ............................................................................................9

CONCLUSION..................................................................................................................10

## TABLE OF AUTHORITIES

**Page**

### Cases

Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465 (3d Cir. 2001) ........................ 7

Dinnerstein v. Burlington Cnty. Coll., 764 F. App'x 214 (3d Cir. 2019) ......................... 5

Fairway Dodge, L.L.C. v. Decker Dodge, Inc., 191 N.J. 460 (2007) .............................. 9

Favors v. Sec'y U.S. Dep't of Veterans Affairs, 695 F. App'x 42 (3d Cir. 2017) ......................... 5

Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143 (2d Cir. 1984) ...................................... 8

Kumar v. New Jersey, No. 20-13937, 2021 U.S. Dist. LEXIS 161046 (D.N.J. Aug. 25, 2021) ................................................................................................................. 5

Langley v. Merck & Co., Inc., 186 F. App'x 258 (3d Cir. 2006) ................................................. 4-5

Mala v. Crown Bay Marina, Inc., 704 F.3d 239 (3d Cir. 2019) ....................................... 5

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) .............................................. 5

Morales v. Aqua Pazza LLC, No.: 20-6690, 2022 U.S. Dist. LEXIS 95768 (D.N.J. May 27, 2022) ................................................................................................................. 10

Morgan v. Simmons, No. 20-9977, 2021 U.S. Dist. LEXIS 200049 (D.N.J. October 18, 2021) ................................................................................................................ 7-8

Mosel v. Hills Dep't Store, Inc., 789 F.2d 251 (3d Cir. 1986) ........................................ 8

Perez v. Express Scripts, Inc., No. 19-7752, 2020 U.S. Dist. LEXIS 241783 (D.N.J. Dec. 23, 2020) ................................................................................................................. 10

Rockmore v. Harrisburg Prop. Serv., 501 F. App'x 161 (3d Cir. 2012) ......................... 7

Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239-240 (3d Cir. 1999) ......................... 7

Taylor v. Computer Sciences Corp., No. 20-01848, 2021 U.S. Dist. LEXIS 147774 (D.N.J. June 6, 2022) ................................................................................................... 7

Williams v. Township of Lakewood, No. 17-11401, 2020 U.S. Dist. LEXIS 235893 (D.N.J. Dec. 15, 2020) ............................................................................................... 7

**Statutes**

28 U.S.C. § 1331 ............................................................................................................................8

28 U.S.C. § 1367 ............................................................................................................................8

29 U.S.C. § 203 *et seq*................................................................................................................1,9

42 U.S.C. § 2000e-5 .......................................................................................................................7

N.J.S.A 2A:38-3 ..........................................................................................................................1,9

**Rules**

Fed. R. Civ. P. 1 .............................................................................................................................3

Fed. R. Civ. P. 12 .........................................................................................................................10

L. R. Civ. P. 7.1 .............................................................................................................................2

## PRELIMINARY STATEMENT

The Complaints filed by Plaintiff Corey Marable ("Plaintiff") should be dismissed. At every turn of the instant litigation Plaintiff has failed to comply with, or outright disregarded, the deadlines set by federal law and by this Court. Plaintiff's latest filing—an opposition to the Amended Motion to Dismiss filed by Defendant Oaks Integrated Care, Inc. ("Oaks")—was submitted to the Court on November 13, was submitted 42 days after the deadline, and 28 days after the return date of Oaks' motion. The lateness of Plaintiff's filing was not an anomaly, but was part of a consistent pattern of disregard for deadlines in this matter. Therefore, Plaintiff's opposition to the amended motion to dismiss should not be considered by the court.

However, even if Plaintiff's filing were to be considered, it does not cure any of the deficiencies discussed in Oaks' initial motion brief, or provide any basis for denying the motion. Plaintiff's initial complaint alleging workplace discrimination was filed after the statute of limitations had passed, and Plaintiff has offered no basis for equitably tolling that limitations period. Further, Plaintiff has not made out a prima facie case for any of the claims he raises under Title VII, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 *et seq.*, or N.J.S.A. 2A:38A-3. Finally, because the federal law claims that Plaintiff raises should be dismissed, the state law claims that Plaintiff raises should also be dismissed for lack of jurisdiction. For the reasons set forth in Oaks' initial motion brief, and supplemented below, the Amended Motion to Dismiss should be granted and these matters dismissed with prejudice.

## PROCEDURAL HISTORY AND STATEMENT OF THE FACTS

Oaks will continue to rely upon the procedural history and statement of facts set forth in its prior filings, as supplemented below. Pursuant to the Court's instruction, Oaks filed an Amended Motion to Dismiss the Complaint on September 21, 2023. See (ECF23). It was

1

uploaded to the ECF electronic filing system at 4:54 P.M. on September 21, 2023, and in furtherance of Plaintiff's explicit requests, sent to him through the U.S. Mail.  See (ECF23).  The Court's September 22, 2023, notice setting deadlines for the Amended Motion to Dismiss indicated that the motion would be decided on the papers on October 16, 2023.

Plaintiff's opposition to the motion was due on October 2, 2023, but no opposition was filed.  Thereafter, on October 10, 2023, the date on which Oaks' reply brief would have been due, Oaks filed a letter pursuant to L. R. Civ. P. 7.1(d)(4), outlining Plaintiff's significant pattern of dilatoriness in pursuing this matter, noting that the motion was unopposed, asking that the Amended Motion to Dismiss be treated as unopposed and granted.  (ECF24).  The correspondence also noted that Oaks reserved the right to file a reply brief at a later date should Plaintiff file an untimely opposition.  (ECF24).

Now, over a month later, on November 13, 2023, Plaintiff filed with the court a series of documents opposing Oaks' Amended Motion to Dismiss.  (ECF25).  These documents were not served on Oaks by Plaintiff and were only received by Oaks after they were uploaded to PACER by the Court's staff on Thursday, November 16, 2023, one month after the October 16 return date of the motion.  (ECF25 at 34).

Plaintiff's submission amounts to a series of disjointed documents, the overwhelming majority of which have absolutely no relevance to the case.  The few documents which may be relevant appear to support Oaks' position that it did not discriminate against Plaintiff, not did it fail to pay Plaintiff earned wages.  For these reasons, Oaks' Amended Motion to Dismiss the Complaint should be dismissed.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF'S OPPOSITION TO THE AMENDED MOTION TO DIMSISS SHOULD BE REJECTED AS UNTIMELY.

Plaintiffs' claim under Title VII should be dismissed as untimely, as he filed his Complaint beyond the 90-day statute of limitations following his receipt of the EEOC's "right-to-sue" letter. Plaintiff's opposition to the Amended Motion to Dismiss does not attempt to rebut Oaks' argument regarding the statute of limitations. Instead, Plaintiff claims that Oaks' motion was filed late. In support, Plaintiff attaches a photograph of the envelope in which he received Oaks' amended motion, and highlights that the postmark on the envelope is dated September 22, 2023. See (ECF25 at 5). However, Plaintiff fails to note that Oaks' motion was filed with the Court on September 21, 2023, at 4:54 P.M. (ECF23). Oaks met the Court's filing deadline.

In the introduction of his filing, Plaintiff cites to Fed. R. Civ. P. 1, which outlines the scope and purpose of the Federal Rules, and includes that the rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Plaintiff then goes on to discuss the streamlining of discovery. Finally, Plaintiff claims that the Court is somehow "involved in the Defendants schemes" to delay his case. Therefore, he asks the court "initiat[e] Summary Judgment [or] move toward a speedy jury trial" to conclude the process. These requests completely misunderstand the procedural history of this case.

At no point has Oaks been late or engaged in any delay in this matter. By comparison, Plaintiff has been late, in most cases significantly so, with essentially every filing he has made to this Court. Plaintiff filed his original Complaint beyond the deadline imposed in the EEOC's right-to-sue letter. Next, Oaks filed a motion to dismiss on January 13, 2023, and Plaintiff's response

3

to that motion would have been due on February 7, 2023.  However, the only response Plaintiff provided to that motion was not sent to Oaks until April 12, 2023, and that was never actually filed with this court.  Finally, the Court issued an Order to Show cause to Plaintiff on June 26, 2023, for which a response was due on July 17, 2023.  Plaintiff did not file any response until two weeks beyond the deadline.  Now, after Oaks filed its Amended Motion to Dismiss on September 21, 2023, Plaintiff's opposition was due on October 2, 2023.  However, he did not file any opposition to the motion until November 13, 2023, which represents the fourth deadline Plaintiff has missed in the pleading phase of the case.  Due to Plaintiff's continued disregard for the deadlines in this matter the Court should strike his opposition to the Amended Motion to Dismiss, and thereby consider Oaks' motion unopposed.

## POINT II

### THE COMPLAINT DOES NOT SET FORTH A *PRIMA FACIE* CASE FOR RACE DISCRIMINATION UNDER TITLE VII.

Plaintiff has not met the minimal burden of pleading sufficient facts to set forth a *prima facie* case of discrimination under Title VII, so the Complaint should be dismissed.  Even in the event that the Court does consider Plaintiff's November 13, 2023, submission, nothing in that filing addresses the deficiencies in Plaintiffs' cases outlined in Oaks' motion brief.  Under the familiar burden-shifting framework used to evaluate claims under Title VII, in order to withstand a motion to dismiss a plaintiff must show that that: (1) they are members of a protected class; (2) they satisfactorily performed the duties required by their positions; (3) they suffered an adverse employment action; and (4) either similarly-situated non-members of the protected class were treated more favorably or the adverse job action occurred under circumstances that give rise to an inference of discrimination.  See Langley v. Merck & Co., Inc., 186 F. App'x 258, 259 (3d Cir.

4

2006) (citing Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003) and McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).  Despite the relatively low bar, Plaintiff has failed to sufficiently plead a *prima facie* case.

Of all the photographs and documents submitted by Plaintiff on November 13, 2023, there are only three which could conceivably relate to a claim of race discrimination:  pages 18-20, which depict photographs of text messages between numerous individuals, including Plaintiff and his supervisor.  In one message, Plaintiff's supervisor states "Corey you using 620?  It's license plate was stolen and put on a car in DE that was involved in some theft.  We need to put in a police report."  (ECF25 at 18).  In response, Plaintiff asks "Why was I the only one questioned on this?" (ECF25 at 19).  His supervisor responds "The reason that I was asking if you were driving 620 is because if my memory is correct I thought you mentioned a month ago that you are driving 619 and 620.  Maybe I got it wrong?"  (ECF25 at 20).  It is possible that Plaintiff has a subjective belief that this exchange implicates his race, but that subjective belief is insufficient to maintain a discrimination claim under Title VII.  See Dinnerstein v. Burlington Cnty. Coll., 764 F. App'x 214, 217 (3d Cir. 2019).

This exchange does not implicate Plaintiff's race, nor does it raise any possible inference that the decision to ask Plaintiff about which vehicle he was driving was motivated by his race. See Favors v. Sec'y U.S. Dep't of Veterans Affairs, 695 F. App'x 42, 42 (3d Cir. 2017) (noting that an employee's race must be a motivating or determinant factor in an adverse employment decision).  Rather, Plaintiff was asked whether he had been driving vehicle 620 because the supervisor recalled him saying that he had done so.  Further, at no time did the supervisor imply or suggest that the question was motivated by any factor related to race.

Even considering the documents Plaintiff has included in his untimely filing, he has still failed to allege sufficient facts for the court to even infer that he suffered any adverse employment action due to his race, or that any action taken by Oaks employees with regard to Plaintiff were connected to his race. See Kumar v. New Jersey, No. 20-13937, 2021 U.S. Dist. LEXIS 161046, at *16 (D.N.J. Aug. 25, 2021) (dismissing a discrimination complaint where the plaintiff failed to "allege a single statement or action from any Defendant which could conceivably support a claim of overt or explicit racial animus, or reflect discriminatory bias.") (internal quotation marks and citation omitted).

Plaintiff's opposition likewise does not describe any instance where a similarly-situated individual who is not a member of a protected class was treated more favorably. As stated in the initial motion briefing, Plaintiff's filings are simply devoid of any facts from which there could be an inference of discrimination. While *pro se* litigants are generally held to a less-stringent standard than attorneys and given a measure of leeway in their filings, "pro se litigants still must allege sufficient facts in their complaints to support a claim," Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2019). Nothing in Plaintiff's opposition to the Amended Motion to Dismiss provide support for his discrimination claims because the materials submitted has no relevance to his race, reflect no adverse employment action or, and detail any treatment of coworkers who are not members of a protected class. Nor does it support any claim for express racial animus or discriminatory bias. Therefore, for the reasons set forth in the initial motion briefing and supplemented here, Plaintiff's claims relating to discrimination under Title VII and the NJLAD must be dismissed for failure to set forth even a *prima facie* claim under either statute.

## POINT III

**PLAINTIFF'S CLAIM UNDER TITLE VII MUST BE DISMISSED BECAUSE IT WAS FILED MORE THAN 90 DAYS AFTER SERVICE OF THE EEOC'S RIGHT-TO-SUE LETTER.**

In addition to Plaintiff failing to state a claim, as set forth above, t Plaintiff's claim that he was subjected to discrimination by Oaks in violation of Title VII, should be also dismissed because he failed to file his complaint within the 90-day period provided for in the EEOC's right-to sue letter. That letter was issued on July 19, 2022, and sent on the same day to the email address Plaintiff personally indicated that he preferred to receive email communication. (ECF1). Therefore, the 90-day period to file a claim under Title VII expired on October 17, 2022. Plaintiff filed his initial complaint in this matter on October 18, 2022—one day late.

A complaint must be filed within ninety days of his receipt of a right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Failure to file within ninety days of receiving a right-to-sue letter is cause for dismissal, "akin to a statute of limitations." Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239-240 (3d Cir. 1999); Rockmore v. Harrisburg Prop. Serv., 501 F. App'x 161, 164 (3d Cir. 2012) (affirming dismissal of Title VII claims filed more than ninety days after receipt of right to sue letter); Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). Title VII claims have a strict timeliness requirement, and unless there is equitable basis for tolling, a civil suit filed even one day late must be dismissed; Burgh, 251 F.2d at 470; see also Taylor v. Computer Sciences Corp., No. 1:20-cv-01848, 2021 U.S. Dist. LEXIS 147774 (D.N.J. June 6, 2022) (dismissing *pro se* complaint filed two days late); Williams v. Township of Lakewood, No. 17-11401, 2020 U.S. Dist. LEXIS 235893, at *6 (D.N.J. Dec. 15, 2020) (dismissing *pro se* complaint filed two days late); Morgan v. Simmons, No. 20-9977, 2021

U.S. Dist. LEXIS 200049 (D.N.J. October 18, 2021) (dismissing complaint where Plaintiff filed beyond the 90-day deadline and offered no opposition to the defendant's motion to dismiss).

Absent sufficient justification for equitable tolling, "'the court cannot extend the limitations period by even one day.'" Mosel v. Hills Dep't Store, Inc., 789 F.2d 251, 253 (3d Cir. 1986) (quoting Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984)). As set forth in the initial motion brief, aside from Plaintiff's status as a pro se litigant, he has offered no basis for equitably tolling the statute of limitations. Upon reviewing Oaks' argument on this point, Plaintiff's opposition brief provides no additional basis for equitable tolling of the limitations period. Therefore, for the reasons set forth in the initial motion briefing and supplemented here, the complaint should be dismissed for failure to abide by the 90-day deadline for filing a complaint following receipt of the EEOC's right-to-sue letter.

### POINT IV

**PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED FOR LACK OF SUPPLEMENTAL JURISDICTION.**

While the District Court would have original jurisdiction over Plaintiff's claim under Title VII, see 28 U.S.C. § 1331, it has limited jurisdiction over the claims that Plaintiff has brought under State law. 28 U.S.C. § 1367(a) (extending federal jurisdiction to only those claims forming part of the same case or controversy as a corresponding Federal claim). The court may also decline to exercise supplemental jurisdiction over State law claims where the District Court has dismissed all claims over which it had original jurisdiction. See 28 U.S.C. § 1367(c)(3). Because Plaintiff has not provided any basis for maintaining supplemental jurisdiction, his State law claims should be dismissed on jurisdictional grounds as set forth in Oaks' initial motion briefing.

## POINT V

**PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER N.J.S.A. 2A:38A-3.**

In the event that the Court declines to dismiss Plaintiff's claim under N.J.S.A. 2A:38-3 for lack of supplemental jurisdiction, the cause of action should alternatively be dismissed for failure to state a claim upon which relief could be granted. The elements for finding a violation of N.J.S.A. 2A:38A-3 are quoted in Oaks' initial motion briefing, and all require that any liability must be the result of purposeful or knowing actions on the part of a specified actor. See Fairway Dodge, L.L.C. v. Decker Dodge, Inc., 191 N.J. 460, 469-70 (2007). As set forth in the initial motion briefing, Plaintiff has not alleged any specific facts which could satisfy the statutory requirements for a claim under N.J.S.A. 2A:38A-3. Instead, he has made several vague, conclusory statements which have no plausible basis in fact for the allegation that Oaks was responsible for the hacking of his computer or his phone, has not provided any damage claims sufficient to support a cause of action under N.J.S.A. 2A:38A-3. Therefore, for the reasons set forth in the initial motion briefing and supplemented here, the state law cause of action under N.J.S.A. 2A:38A-3 should be dismissed.

## POINT VI

**THE CLAIM FOR UNPAID OVERTIME WAGES MUST BE DISMISSED BECAUSE PLAINTIFF'S COMPLAINTS DO NOT ESTABLISH A *PRIMA FACIE* CAUSE OF ACTION UNDER THE FAIR LABOR STANDARDS ACT.**

Even when viewed in a light most-favorable to Plaintiff, and considered in light of his status as a *pro se* litigant, Plaintiff's filings do not set forth a *prima facie* case under the FLSA so any such claim should be dismissed. As set forth in the initial briefing, a *prima facie* claim under the FLSA requires a plaintiff to "allege that (1) he was an employee of the defendant; (2) the

defendant was 'engaged in commerce'; and (3) the defendant failed to pay . . . overtime compensation for hours worked in excess of forty in a given week." Morales v. Aqua Pazza LLC, No.: 20-6690, 2022 U.S. Dist. LEXIS 95768 at *5-6 (D.N.J. May 27, 2022) (quoting Perez v. Express Scripts, Inc., No. 19-7752, 2020 U.S. Dist. LEXIS 241783 at *2 (D.N.J. Dec. 23, 2020) and 29 U.S.C. §§ 206, 207, 216(b)).

Nothing in Plaintiff's filings establishes, or even alleges that he worked in excess of 40 hours per week and was thereafter denied overtime pay. He never alleges that he worked in excess of 40 hours per week, he provides evidence demonstrating that he declined to work additional hours, and in the most-recent filing he includes text messages showing that he was asked to work approved overtime and declined to do so. These facts, as set forth by Plaintiff, stand in direct opposition to any claim for unpaid overtime. Therefore, for the reasons set forth in the initial motion briefing and supplemented here, any claim for a violation of the FLSA should be dismissed.

## CONCLUSION

For the reasons set forth above, Defendant requests that Plaintiff's Complaints be dismissed in their entirety with prejudice for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

CAPEHART & SCATCHARD, P.A.
Attorneys for Defendant
Oaks Integrated Care, Inc.

By: _____/s/ Geoffrey N. Stark_____
Geoffrey N. Stark, Esq.

Dated:   November 22, 2023

10